UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

        Plaintiff,               Case Number: 10-CV-14725

v.                                     HON. MARK A. GOLDSMITH

PATRICIA CARUSO, ET AL.,

        Defendants.
        _____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Robert Lee Childress, Jr., has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

In his complaint, Plaintiff challenges the calculation of his sentence. Plaintiff states that he was sentenced, on April 22, 2001, to a term of 24 to 120 months' imprisonment. He was paroled on February 15, 2007. Plaintiff was charged with a new offense while on parole and convicted of that offense. On October 14, 2008, he was sentenced as a fourth habitual offender to 54 to 360 months' imprisonment. He argues that the first sentence should have expired in April 2010, and was improperly enhanced by his later conviction.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner

challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Consequently, a § 1983 action is barred when a state prisoner challenges the fact or duration of his confinement, and seeks either "immediate release from prison," or the "shortening" of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *quoting* Preiser, 411 U.S. at 482. Plaintiff has not demonstrated that his sentence has been invalidated by either a state or federal court decision. Therefore, his claims may not be maintained under § 1983 and the complaint will be dismissed without prejudice. *Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that cases dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiffs may re-assert their claims if they obtain reversal or expungement of their convictions).

    If Plaintiff wishes to assert the claims contained in the pending complaint, he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254. The Court declines to construe Plaintiff's complaint as a habeas corpus petition because he does not allege that his claims are exhausted. *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001). Further, the Court declines to construe the complaint as a habeas corpus petition because Plaintiff may

want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

For the foregoing reasons,

IT IS ORDERED that the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

Dated: December 10, 2010                     s/Mark A. Goldsmith
     Flint, Michigan                           MARK A. GOLDSMITH
                                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 10, 2010.

                                                      s/Deborah J. Goltz
                                                      DEBORAH J. GOLTZ
                                                      Case Manager